IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert McLeod, | ) | C/A No. 3:11-174-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Deron McCormick; Dean Benenhaly; Herbert Williams; City of Sumter, | ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| Ian D. McVey, | ) | |
| | ) | |
| Trustee. | ) | |
| _____ | ) | |

This employment discrimination matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for pretrial proceedings. The plaintiff, Robert McLeod, was initially represented in this matter by William Gary White, III, Esquire. On March 7, 2011, the Supreme Court of South Carolina suspended Mr. White from the practice of law for ninety days and appointed Ian Douglas McVey, Esquire, to protect the interests of Mr. White's clients pursuant to Rule 31 of the Rules for Lawyer Disciplinary Enforcement. Rule 413, SCACR; (ECF No. 17); see also In re White, Op. No. 26939 (S.C. Sup. Ct. Mar. 7, 2011) (Shearouse Adv. Sh. No. 8 at 47).[1] Mr. McVey subsequently filed a motion requesting that this matter be stayed until such time as it could be transferred to appropriate counsel or until the end of Mr. White's suspension. (ECF No. 19.) The

---

[1] By operation of the Local Rules of this court, Mr. White's suspension from the practice of law by the South Carolina Supreme Court effectively resulted in his suspension from the practice in the United States District Court for the District of South Carolina. Local Civil Rule 83.I.08 DSC.

court suspended the scheduling order and scheduled a status conference for June 15, 2011. (ECF No. 23.)

Plaintiff Robert McLeod did not appear at the June 15, 2011 status conference. At the conference, Mr. McVey informed the court that he did not have possession of the plaintiff's file but believed that Mr. White may have returned the file to the plaintiff prior to Mr. White's suspension. Mr. McVey also indicated that he had had no contact with the plaintiff since his appointment, and requested that the scheduling order be suspended for an additional thirty days while he attempted to contact the plaintiff. (Minute Entry, ECF No. 28.)

Based on the foregoing, it is

**ORDERED** that the plaintiff shall advise the court as to whether he wishes to continue with this case within thirty (30) days from the date of this order. If the plaintiff wishes to continue with his case, he shall also advise the court by this date as to whether (1) he desires that Mr. White continue to represent him if and when Mr. White is reinstated to practice in this court, (2) he has obtained new counsel, or (3) he wishes to represent himself in this matter. Plaintiff is further advised that if he fails to respond, **this action may be recommended for dismissal with prejudice for failure to prosecute.** See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

Mr. McVey is directed to serve this Order on the plaintiff at the address provided by defense counsel and at any other address he can reasonably identify for the plaintiff, and to file proof of service with the court on or before June 30, 2011.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 16, 2011
Columbia, South Carolina